UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>LARRY ALAN HAYES,<br><br>　　　　　　　　　Defendant. | CASE NO. 3:15-cr-05490-RJB<br><br>ORDER GRANTING MOTION<br>FOR COMPASSIONATE RELEASE |

Defendant seeks a compassionate release from his prison sentence. He has been in custody on drug and firearm sentencings since his arrest on June 30, 2015. He was sentenced to 148 months' imprisonment and five years of supervised release. He has now served seven years and almost eight months and has a release date of January 2, 2026 – nearly three years remaining on his sentence.

## EXHAUSTION.

The Court is satisfied that Defendant has exhausted his administrative remedies, particularly considering counsel's supplemental request for Defendant's release (s*ee* Dkt. 105-3). He has not been granted a release by his warden.

PRIOR MOTION

Defendant was denied a Motion for Compassionate Release on July 10, 2020. (Dkt. 88.) The current motion is not a re-play of that motion, but a new request based on current conditions.

CLAIMS ALLEGING EXTRAORDINARY AND COMPELLING REASONS

1. Request for Fair Sentencing Act Calculation

It is not clear to the Court that Defendant is qualified for credits beyond his earned good time credits under the Fair Sentencing Act. The denial or failure to calculate additional credits are not extraordinary or compelling reasons supporting his motion.

2. Prison Conditions

Prison sentences should be marked by routine procedures, maximum freedom behind bars, adequate programming, and a minimum of confusion and hassle. When events cause upset and turmoil, prisoners suffer, and time goes slower during lockdowns and restrictions. In Defendant's case, the COVID pandemic resulted in "repeated and extensive lockdowns" and "suspended visitations," with Bureau of Prisons programs "suspended entirely or severely restricted." (Dkt. 89 at 9.) During the pandemic, Defendant suffered from 2 strokes, hypertension, high cholesterol and sleep apnea, requiring a CPAP to sleep. His immobility during lockdowns was "terrible for stroke recovery." (Dkt. 89 at 18-21.)

These events were, perhaps, made necessary by circumstances beyond the Bureau of Prisons' control, but they certainly added to the suffering of Defendant well beyond what he should have been subject to as a result of his prison sentence. These were extraordinary and compelling reasons to reduce Defendant's prison term – not on the basis of Defendant's physical condition only, but on the overall effects of pandemic restrictions on the prison conditions Defendant has faced.

ORDER GRANTING MOTION FOR COMPASSIONATE RELEASE - 2

Added to the foregoing is the turmoil at FCI Sheridan caused by complaints of conditions and lawsuits regarding conditions. (Dkt. 98, Sections 2, 2.1 & 2.2.) The Court makes no findings as to the causes of such complaints, but here only reflects that there is turmoil from the causes of those complaints that makes prison life more difficult than it should be.

It is difficult to fix a specific release plan caused by the additional burdens the pandemic placed on the Defendant and other prisoners, but those burdens must be considered along with the totality of Defendant's circumstances in fixing a release plan.

3. Rehabilitation.

The law clearly shows "that rehabilitation of the Defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). Nevertheless, rehabilitation can be considered by the Court as an extraordinary and compelling reason if there are other grounds for recognizing extraordinary and compelling reasons for sentence reductions. (As the Court found in Paragraph 2, above.)

In this case, the showing of Defendant's rehabilitation efforts are overwhelming:

A. He has overcome his drug addiction (Dkt. 89 at 6);

B. His vocational training and accomplishments are extraordinary in his cabinet-making apprenticeship, advanced related training (Dkt. 89 at 7); and his leadership position in woodworking and cabinet making at FCI Sheridan (Dkt. 89 at 19).

C. His educational programing at FCI Sheridan show constant efforts to succeed on the outside, clear of criminal activities (Dkt. 89 at 6-8). *See also* educational record at FCI Sheridan.

D. Defendant's letter to the Court (Dkt. 101-1) is also convincingly supportive of his motion.

ORDER GRANTING MOTION FOR COMPASSIONATE RELEASE - 3

|   |   |
|---|---|
| 1 | Those showings result in the Court's conclusion that Defendant's rehabilitation efforts |
| 2 | and successes are also extraordinary and compelling reasons to reduce his prison term. |

### 18 U.S.C. § 3553(a) FACTORS

It is clear that Defendant lived a life of crime at times in his past: (*See* Dkt. 69, Presentence Report, Part B), and during the events that led to his conviction here. (Dkt. 100 at 3.) That dismal history leaves difficult questions surrounding whether Defendant now presents a danger to community safety or to other persons. While the Government acknowledges the Defendant's efforts at rehabilitation, it argues that the past is enough to justify denial of Defendant's current motions. (Dkt. 100 at 12-22.)

This Court's analysis of the Defendant, as he stands today, presents a different, and safer story. He has done everything possible to prepare for a crime-free life by his prison studies, rehabilitation training and leadership, his contact with the Court (Dkt. 101-1), as well as with his counsel as is reflected by Mr. Kellogg's pleadings. Defendant's presentation shows a desire for a straight life, preparation for a straight life through study and rehabilitation efforts, and a release plan supporting his aged mother and anticipating a way to make an honest living. He appears to the Court to present no danger to any individuals or to community safety. Defendant's age and health issues support this conclusion, as does his ongoing efforts, while imprisoned, to follow the rules and maintain a clean state. He passes the 18 U.S.C. § 3553(a) requirements.

### CONCLUSION

Having qualified for a sentence reduction, what should it be? Defendant has served a lengthy prison sentence, very successfully, with under three years remaining. He is facing a five year supervised release term under Probation Services, facing serious sanctions – more prison – for violations of supervised release terms.

Considering the supervision Defendant faces, it is appropriate that he be now released from prison custody to start his five-year supervised release term and to implement his release plan (if and as approved by his probation officer).

Therefore, it is now

ORDERED that Defendant's Motion for Compassionate Release (Dkt. 89) is GRANTED.  It is further

ORDERED that Defendant's term of imprisonment is hereby reduced to time served and he shall be released forthwith on completion of his travel plan to his mother's home.  It is further

ORDERED that within 48 hours of his release, Defendant shall notify the Tacoma Probation and Pretrial Office, at 1717 Pacific Avenue, Room 1310, Tacoma WA  98402, (253) 882-3732, to arrange for his supervised release plan and requirements.

Dated this 27th day of February, 2023.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge

ORDER GRANTING MOTION FOR COMPASSIONATE RELEASE - 5